IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RONALLEN HARDY,           ) | |
|         Petitioner,           ) | |
|                               ) | No. 3:21-cv-00627 |
| v.                        ) | |
|                               ) | JUDGE RICHARDSON |
| TONY MAYS,                ) | |
|         Respondent.          ) | |

## ORDER AND MEMORANDUM OPINION

Pending before the Court is pro se petition under 28 U.S.C. § 2254 for a writ of habeas corpus filed by RonAllen Hardy, an inmate of the Riverbend Maximum Security Institution in Nashville, Tennessee. (Doc. No. 1). Petitioner challenges his 2007-08 conviction and sentence for first degree murder, felony murder, especially aggravated robbery, aggravated burglary, conspiracy to commit especially aggravated robbery, and conspiracy to commit aggravated burglary for which he currently is serving a sentence of life imprisonment in the Tennessee Department of Correction. (*Id*. at 1). Petitioner also filed a Motion for an Evidentiary Hearing and Appointment of Counsel. (Doc. No. 8)

Respondent has filed a Motion to Dismiss the petition as untimely. (Doc. No. 11). The Motion is ripe for review. For the reasons set forth herein, Petitioner is not entitled to an evidentiary hearing or the appointment of counsel, and the Court will grant Respondent's Motion.

### I. BACKGROUND

In 2007, a Rutherford County Circuit Court jury convicted Petitioner RonAllen Hardy of first-degree premeditated murder, first degree felony murder, especially aggravated robbery, aggravated burglary, conspiracy to commit especially aggravated robbery, and conspiracy to

1

commit especially aggravated burglary. *State v. Hardy*, No. M2008-00381-CCA-R3-CD, 2009 WL 2733821, *1 (Tenn. Crim. App. Aug. 31, 2009). The trial court merged the first degree murder convictions and sentenced Petitioner to life without parole. *Id*. The trial court additionally sentenced Petitioner as a standard offender to twenty-two years for especially aggravated robbery, ten years for conspiracy to commit especially aggravated robbery, five years for aggravated burglary, and three years for conspiracy to commit aggravated burglary and ordered the sentences to be served concurrently with each other and consecutively to the life-without-parole sentence. *Id*. On Aug. 31, 2009, the Tennessee Court of Criminal Appeals merged Petitioner's conspiracy convictions into a single conviction and remanded the case to the trial court for the correction of the judgments to reflect the merger of the conspiracy convictions. *Id*. The appellate court affirmed the judgments of the trial court in all other aspects. *Id*. Petitioner did not seek discretionary review by the Tennessee Supreme Court.

On February 1, 2010, Petitioner filed a pro se state post-conviction petition in the Rutherford County Circuit Court. *Hardy v. State*, M2011-00497-CCA-R3-PC, 2012 WL 76896 (Tenn. Crim. App. Jan. 9, 2012), *perm. app denied*. (Tenn. May 10, 2012). After conducting an evidentiary hearing, the state post-conviction court denied relief. *Id*. at *1. Petitioner appealed and, on January 9, 2012, the Tennessee Court of Criminal Appeals denied relief. *Id.* The Tennessee Supreme Court denied Petitioner's application for permission to appeal on May 10, 2012. *Id*.

On September 26, 2019, Petitioner filed a petition for writ of error coram nobis, *Hardy v. State*, No. M2019-02100-CCA-R3-ECN, 2020 WL 5080060 (Tenn. Crim. App. Aug. 28, 2020), *perm. app. denied* (Tenn. Dec. 2, 2020), which the state court summarily denied on November 14, 2019. *Id*. at 2. Petitioner appealed that denial on November 25, 2019. *Id*.

2

On January 6, 2020, while the error coram nobis appeal was still pending, Petitioner filed a second petition for post-conviction relief. *Id*. The post-conviction court summarily denied the petition for post-conviction relief after determining that it was Petitioner's second petition for post-conviction relief, the petition was untimely, and Petitioner was not entitled to due process tolling. *Id*.

Petitioner filed separate appeals from the denial of the error coram nobis relief and the denial of post-conviction relief. However, on motion of Petitioner, the Tennessee Court of Criminal Appeals consolidated the appeals. *Id*. The Tennessee Court of Criminal Appeals affirmed the judgments of the trial court on August 28, 2020. *Id*. at *4. On December 2, 2020, the Tennessee Supreme Court denied discretionary review. (Doc. No. 10, Attach. 18 at 1).

On August 9, 2021, [1] Petitioner filed the instant petition for writ of habeas corpus with this Court. (Doc. No. 1).

Upon receiving the petition, the Court conducted a preliminary review under Rule 4, Rules – Section 2254 Cases and ordered Respondent to file an answer, plead, or otherwise respond to the petition in conformance with Rule 5, Rules § 2254 Cases. (Doc. No. 8). In response, Respondent filed a Motion to Dismiss Untimely Petition for Writ of Habeas Corpus (Doc. 14). That Motion is now ripe. The Court finds that an evidentiary hearing is not needed for the resolution of Respondent's Motion.

---

[1] Under the "prison mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 270 (1988), and the Sixth Circuit's subsequent extension of that rule in *Richard v. Ray*, 290 F.3d 810, 812 (6th Cir. 2002), and *Scott v. Evans*, 116 F. App'x 699, 701 (6th Cir. 2004), a prisoner's legal mail is considered "filed" when he deposits his mail in the prison mail system to be forwarded to the Clerk of Court. Petitioner declares that he placed his petition in the prison mailing system on August 9, 2021; thus, his petition is considered filed as of that date. (Doc. No. 1 at 14).

## II. TIMELINESS STANDARD

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (codified, *inter alia*, at 28 U.S.C. §§ 2244, *et seq*.), prisoners have one year within which to file a petition for habeas corpus relief which runs from the latest of four (4) circumstances, one of which is relevant here—"the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A).

However, the AEDPA's one-year limitations period is tolled by the amount of time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2); *see Ege v. Yukins*, 485 F.3d 364, 371 (6th Cir. 2007). However, any lapse of time before a state application is properly filed is counted against the one-year limitations period. *See Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). When the state collateral proceeding that tolled the one-year limitations period concludes, the limitations period begins to run again at the point where it was tolled rather than beginning anew. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003)).

## III. ANALYSIS

The date on which Petitioner's judgment became final by conclusion of direct review was Friday, October 30, 2009, upon the expiration of the sixty-day time period during which he could have sought discretionary review from the Tennessee Supreme Court. *See* Tenn. R. App. P. 11(b) (requiring an application for permission to appeal within sixty days after entry of the judgment of the Court of Criminal Appeals); *Tigg v. Colson*, No. 3:13-CV-00324, 2013 WL 2285562, at *4 (M.D. Tenn. May 23, 2013) (noting that, for purposes of 28 U.S.C. § 2244(d)(1), a "judgment,

4

pursuant to Tennessee law, bec[omes] final 60 days [after it is issued] when the time for pursuing discretionary review from the Tennessee Supreme Court expire[s]." Under Section 2244(d)(1)(A), Petitioner therefore had one year from that date—*i.e.*, until Monday, November 1, 2010[2]—to timely file his federal habeas petition if one does not account for any tolling. Or to put it another way, Petitioner had 365 days (excluding any days subject to tolling) beginning on October 31, 2009, to file his federal habeas petition.

So Petitioner's AEDPA one-year limitation period commenced on Saturday, October 31, 2009,[3] and ran for 94 days until Petitioner submitted his post-conviction petition on February 1, 2010. Pursuant to 28 U.S.C. § 2244(d)(2), the AEDPA limitations period was tolled while Petitioner's petition for post-conviction relief was pending before the state courts. Then the limitations period began to run again on May 11, 2012, the day after the Tennessee Supreme Court denied review in the post-conviction proceeding.[4] At that time, Petitioner had 271 days, or until Wednesday, February 6, 2013, remaining to timely file his federal habeas corpus petition.

---

[2] Because the end of the one-year period fell on a weekend (Saturday, October 30, 2010), Petitioner's deadline for filing was Monday, November 1, 2010. *See* Fed. R. Civ. P. 6(a)(1) (directing that, when the period is stated in days or a longer unit of time, the Court includes the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday).

[3] Where, as here, the time period is stated in days or a longer unit of time, the Court excludes the day of the event that triggers the period. *See* Fed. R. Civ. P. 6(1)(1)(A). Thus, October 30—the date of finality—is not counted for the AEDPA computation. Further, as per Federal Rule of Civil Procedure 6(a)(1), the Court counts every day, including the intermediate Saturdays, Sundays, and legal holidays.

[4] The state petition of error coram nobis filed by Petitioner on September 26, 2019 had no tolling effect because Petitioner filed the motion well after the AEDPA statute of limitations had expired. *See Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001) (the tolling provision of 28 U.S.C. § 2244(d)(2) does not "revive" the limitations period; it can only serve to pause a clock that has not yet fully run); *Johnson v. Westbrooks*, No. 3:13-cv-430, 2013 WL 1984395, at *1 (M.D. Tenn. May 13, 2013) ("Once the one-year limitation period in 28 U.S.C. § 2244(d)(1)(A) has expired, any motions or petitions for collateral post-conviction relief filed in the state courts cannot serve to toll or avoid the statute of limitations.")

Petitioner filed the instant Section 2254 petition **over eight years** beyond the AEDPA's one-year limitations period. Accordingly, the Court finds that the petition should be dismissed as untimely because it was not filed within the one-year statute of limitations for Petitioner's claims.

However, the Sixth Circuit has held that the one-year limitations period applicable to Section 2254 is not jurisdictional and, thus, is subject to potential equitable tolling. *See Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001); *see also Ata v. Scutt*, 622 F.3d 736, 741 (6th Cir. 2011) (the "one-year limitations period is not a jurisdictional bar and is subject to equitable tolling in certain instances.") (citing *Holland v. Florida*, 560 U.S. 631, 645 (2010)). A petitioner seeking equitable tolling bears the burden of establishing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling is applied "sparingly." *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). Absent such a showing on the part of the petitioner, "a court should not extend limitations by even a single day." *Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir.2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000)).

Here, Petitioner acknowledges the untimeliness of his petition. (Doc. No. 1 at 34). However, he contends that he is entitled to equitable tolling for two reasons: he did not discover the factual predictable underlying his claims until April 2021 and his attorney abandoned him at a "critical stage" of his state criminal proceedings. (*Id*. at 34-39).

With respect to first reason, Petitioner alleges that inmate Kenneth Wayne Parnell, who previously had assisted Petitioner with his state court filings, reviewed the contents of Petitioner's co-defendant's case file in March of 2021 and, in April of 2021, informed Petitioner that he (Mr.

6

Parnell) had discovered a note referencing a 25-year plea deal that Petitioner insists was not conveyed to Petitioner by his attorneys. (*Id*.) Petitioner maintains that he does not remember being offered a 25-year plea deal and, because he did not learn of the deal until this year, his federal habeas petition should be considered timely filed under Section 2244(d)(1)(D).

28 U.S.C. § 2244(d)(1)(D) states that the one-year limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Id*. The key language is "could have been discovered." Here, Petitioner likely could have obtained his co-defendant's criminal case file at any time from at least October 30, 2009 forward, had he exercised due diligence. Therefore, Petitioner could have discovered the alleged factual predicate underlying his ineffective assistance claim between that date (October 30, 2009, when Petitioner's convictions and sentence became final) and February 6, 2013 (Petitioner's deadline for filing his federal habeas petition). *See Hill v. Qualls*, No. 3:13-cv-00099, 2013 WL 1666740, at *3 (M.D. Tenn. Apr. 17, 2013) (finding that there was "no question" that petitioner "discovered or could have discovered" the factual predicate of his claim previously which, in that case, was a decision of the parole board). Instead, Petitioner obtained the pertinent file only with the assistance of Mr. Parnell in March or April of 2021.[5] Therefore, Section 2244(d)(1)(D) does not save Petitioner's timely untimely petition.

---

[5] Of note, Petitioner contends that he attempted to procure his co-defendant's case file prior to Mr. Parnell's successful attempt to obtain the file. (Doc. No. 1 at 21 n.4). To support his contention, Petitioner provides a letter dated September 29, 2018, from District Attorney General Jennings H. Jones stating that, on September 11, 2018, Petitioner had requested "copies for documents from case F58763A, *Tennessee v. Vanessa Claude*." (Doc. No. 1, Attach. 1 at 73). General Jones stated that there were 135 "pieces" in the file for a total cost of $33.75 for copies of the entire file. (*Id*.) Because Mr. Parnell's public records request for the same file generated far more than 135 pages, resulting in over $625 in fees for copies of the file, Petitioner alleges that General Jones was "less than forthright" with Petitioner's request (Doc. No. 1 at 21 n.4), "demonstrating nefarious intentions of giving petitioner RonAllen Hardy less than the entire case file of co-defendant: Vanessa Clause." (Doc. No. 1, Attach. 1 at 77).

Petitioner's documented attempt to obtain the case file of his co-defendant is relevant to the Court's analysis of whether Petitioner's petition should be considered timely under Section 2244(d)(1)(D) because the factual predicate underlying his claims was not discovered until April of 2021. However, even if Petitioner attempted to obtain his co-defendant's case file as early as September 11, 2018 and his attempt was thwarted in some way by General Jones,

This finding is not altered by Petitioner's insistence that he did not know about the alleged plea offer prior to discovering the note in his co-defendant's file. First, Section 2244(d)(1)(D) does not require actual knowledge, as noted above. Second, Petitioner's counsel refutes the factual basis of Petitioner's claim by stating that, to the best of his recollection, counsel relayed any and all plea offers to Petitioner and recommended that Petitioner accept the 25-year offer but, due to Petitioner's young age and immaturity, Petitioner declined to do so. (*See* Doc. No. 1, Attach. 1 at 20). Counsel further stated that, in his opinion, "any attempt to enforce a 25 year plea offer that is based on a claim that it was not communicated to [Petitioner] will have very little chance of success." (*Id*.) Third, in its opinion affirming the denial of Petitioner's post-conviction petition, the Tennessee Court of Criminal Appeals found that Petitioner was, in fact, apprised of the State's plea offer. *See Hardy*, 2012 WL 76896, at *2,3 ("[Pre-trial counsel] recalled that she presented all plea offers to the petitioner, but none were accepted;" "Mrs. Hardy said that she and her husband met with trial counsel in person one time to discuss a plea offer made by the State."). Petitioner presents no evidence to rebut those findings other than his own assertion.

Next, Petitioner contends that he is entitled to equitable tolling of the AEDPA limitations period because "he was abandoned by" his counsel during "a critical stage" of his criminal proceedings, namely "when counsel failed to communicate the plea offer of 25-years." (Doc. No. 1 at 18, 34, 38). But neglect or mistake on the part of counsel is generally not a basis for equitable tolling. *See Jurado v. Burt*, 337 F.3d 638, 644 (6th Cir. 2003); *Elliott v. Dewitt*, 10 F. App'x 311, 313 (6th Cir. 2001). On the other hand, an attorney's "professional misconduct" may constitute an extraordinary circumstance warranting equitable tolling where it amounts to "egregious behavior." *Holland v. Florida*, 560 U.S. 631, 651 (2010). Counsel engages in such behavior when he

---

Petitioner's September 2018 attempt still came *over four years after* the AEDPA statute of limitations expired for filing his federal habeas petition. Thus, Petitioner fails to demonstrate that he was diligent in pursuing his rights.

8

"effectively abandons his client and the case." *Gordon v. England*, No. 07-2223-STA-TMP, 2012 WL 2790375, at *7 (W.D. Tenn. July 9, 2012), *aff'd*, 612 F. App'x 330 (6th Cir. 2015). For example, in *Maples v. Thomas*, 565 U.S. 266 (2012), the Supreme Court considered it "abandonment" when a petitioner's post-conviction attorney ceased representing him in the midst of post-conviction proceedings without filing a notice of his withdrawal or informing the defendant or the court of his departure without finding another attorney to assume representation of the defendant. *Id*. at 270-76. Thus, a petitioner who is "left without any functioning attorney of record," without a "reason to suspect that he lacked counsel," and without notice "that he had better fend for himself" can establish that his attorney has abandoned him. *Id*. at 288-89. A petitioner in this situation cannot be held responsible for acts or omissions of an attorney who has abandoned him and cannot be faulted for failing to act on his own behalf when he lacks reason to believe that the attorney is not representing him. *Id*. at 281, 283.

Petitioner here, however, has not established that he was abandoned by his counsel.[6] Unlike *Maples*'s attorney, Petitioner's counsel remained active and involved from all pre-trial stages through Petitioner's direct appeal. Petitioner does not contend that his attorney stopped communicating with him or the Court, ceased to function as his counsel, or did not continue to represent him or act on his behalf at any point. *See Young v. Westbrooks*, 702 F. App'x 255, 264 (6th Cir. 2017) (observing that "the facts in *Maples* and *Holland* indicate a higher bar for abandonment" because both cases involved "a whole host of attorney misconduct"), *cert. denied sub nom. Young v. Mays*, 138 S. Ct. 749, 199 L. Ed. 2d 614 (2018); *Mote v. United States*, No.

---

[6] Petitioner relies on *Missouri v. Frye*, 566 U.S. 134 (2021), to support his request for equitable tolling based on the alleged abandonment of his attorney. (Doc. No. 1 at 38). *Frye* establishes that defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused and, thus, is relevant to Petitioner's substantive ineffective assistance of counsel claim. *Id*. at 145. *Frye*, however, does not address attorney abandonment as a basis to justify equitable tolling. In fact, the decision does not address attorney abandonment at all.

9

2:12-CR-234, 2018 WL 8544777, at *2, 5 (S.D. Ohio Mar. 6, 2018) (finding that a claim that counsel failed to file an appeal is not egregious misconduct tantamount to abandonment and does not constitute an extraordinary circumstance to excuse an untimely Section 2255 motion). Without evidence that Petitioner's counsel "effectively abandon[ed]" Petitioner, Petitioner has not shown that counsel's conduct rose to the level of an extraordinary circumstance preventing Petitioner from filing a timely habeas petition or that Petitioner was otherwise diligent in pursuing in rights.

In summary, the Court finds that Petitioner cannot meet the high burden of showing that he is entitled to equitable tolling. Accordingly, the Court finds that the present petition is barred by the statute of limitations established by 28 U.S.C. §§ 2244(d)(1)(D) and thus may not be considered on the merits by this Court.

## IV. CONCLUSION AND ORDER

Petitioner filed his petition well beyond the AEDPA's one-year limitations period, and he has not established that he is entitled to equitable tolling. Accordingly, Respondent's Motion (Doc. No. 11) is **GRANTED**. Petitioner's Motion for an Evidentiary Hearing and Appointment of Counsel (Doc. No. 8) is **DENIED**. The petition is **DISMISSED** as time-barred under 28 U.S.C. § 2244(d)(1).

Respondent's First Motion for Extension of Time to File Answer (Doc. No. 7) is **DENIED AS MOOT.**

Federal Rule of Appellate Procedure 22 provides that an appeal of the denial of a habeas petition may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing § 2254 Cases requires that a district court issue or deny a COA when it enters a final order. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution

of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The district court must either issue a COA indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b).

Because jurists of reason would not disagree with the resolution of Petitioner's petition and Respondent's Motion to Dismiss the petition as untimely and not subject to equitable tolling, the Court **DENIES** a COA.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE